UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X     For On-line Publication Only
LOWRITA RICKENBACKER, JANELLE WINN,

                      Plaintiffs,
                                                                         **ORDER TO SHOW CAUSE**
        -against-                                                     21-CV-4517 (JMA)(AKT)

TOWN OF BABYLON, *et al.*,

                      Defendants.
-------------------------------------------------------------------X
JOAN M. AZRACK, District Judge:

       The Court's records reflect that mail sent to Lowrita Rickenbacker and Janelle Winn (together, "Plaintiffs") at their address of record was returned to the Court marked "Return to Sender", "Vacant" and "Unable to Forward." (*See* Docket Entry 9.) To date, Plaintiffs have not updated their address with the Court nor have they otherwise communicated with the Court since August 11, 2021. (*See* Docket Entry Nos. 1-5.)

       "The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" *Phair v. Suffolk Cnty. Corr. Fac.*, No. 19-CV-3302, 2020 WL 3489495, *1 (E.D.N.Y. June 26, 2020) (quoting *Alomar v. Recard*, No. 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (citation omitted); *see also Terry v. City of New York,* No. 20-CV-0081, 2020 WL 5913409 (S.D.N.Y. Oct. 6, 2020) (citing plaintiff's "duty to . . . inform this Court's *Pro Se* Office of any change of address" in dismissing complaint for failure to prosecute) (internal citation and quotation marks omitted). As is readily apparent, this case cannot proceed unless the Court and the defendants are able to contact Plaintiffs. *Tomassi v. Suffolk Cnty*, No. 19-CV-2537, 2020WL 5633069, *2 (E.D.N.Y. Sept. 21, 2020) (dismissing complaint where *pro se* plaintiff did not update his address with the Court and did not respond to defendant's letter); s*ee also Pagan v. Westchester Cnty.*, No. 12-CV-7669, 2014 WL 4953583, at

\*5 (S.D.N.Y. Oct. 1, 2014 ("Absent valid contact information, the Court cannot apprise the plaintiffs of their obligations in or the status of their case, and the litigation cannot proceed without their participation."). If a *pro se* litigant fails to keep the Court apprised of his or her current mailing address, "the Court may dismiss the action under Rule 41(b) [of the Federal Rules of Civil Procedure], for failure to prosecute." *Mercedes v. New York D.O.C.*, No. 12-CV-2293, 2013 WL6153208, at \*2 (S.D.N.Y. Nov. 21, 2013)

**Accordingly, on or before September 30, 2021, Plaintiffs must file a Notice of Change of Address providing the Court with a new address and telephone number at which Plaintiffs can be contacted during the course of the litigation. PLAINTIFFS ARE ADVISED THAT A FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THIS ACTION BEING DISMISSED WITHOUT PREJUDICE PURSUANT TO RULE 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this order upon Plaintiffs as provided in Rule 5(b)(C) of the Federal Rules of Civil Procedure and record such service on the docket.[1] The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 8, 2021
Central Islip, New York

\_\_\_\_/s/ (JMA)_____
Joan M. Azrack
United States District Judge

---

[1] Although it is likely that this Order will be returned to the Court as undeliverable, Plaintiffs may view it on the Court's Electronic Case Filing ("ECF") system.